**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEONG HOON LEE,<br><br>                              Plaintiff,<br><br>     -against-<br><br>THE COUNTY OF NASSAU, NEW YORK, EIGHTEEN HUNDRED, INC., PSYCHO BUNNY INC., "JOHN DOES" #1-10, individually and in their official capacity of PSYCHO BUNNY INC., ARIEL TRACY, individually and in her official capacity, NASSAU COUNTY POLICE DEPARTMENT, "JOHN DOES" #11-20, individually and in their official capacity of the NASSAU COUNTY POLICE DEPARTMENT, and P.O. JOSEPH T. ARLOTTA, individually and his official capacity,<br><br>                              Defendants. | Civil Action No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Seong Hoon Lee ("Mr. Lee" or "Plaintiff"), by his attorneys, Rha Kim Grossman & McIlwain, LLP, alleges as follows:

**NATURE OF THE ACTION**

1.      Mr. Lee is a 51-year-old man who was shopping and browsing articles of clothing when he was wrongfully arrested and charged with theft.

2.      This action is brought to remedy the wrongful arrest of Mr. Lee, in violation of his rights under the Fourth Amendment to the U.S. Constitution, his rights under the New York State Constitution, and his other statutory and common law rights.

3.      Plaintiff seeks compensatory, punitive, liquidated damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because this lawsuit alleges violations of the U.S. Constitution and raises questions of federal law.  Jurisdiction is also based upon 28 U.S.C. § 1343 because the lawsuit seeks relief for the deprivation of Plaintiff's Constitutional rights under color of state law.

5.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the event or omissions giving rise to the claims occurred in this District.

6.    The matter in controversy exceeds, exclusive of interest and costs, the sum or value of FIVE HUNDERD THOUSAND ($500,000.00) DOLLARS.

7.    An award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

8.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.    Mr. Lee is a 51-year-old citizen of the Republic of South Korea, who was briefly visiting the United States in December 2021.

10.    Defendant The County of Nassau, New York ("Nassau County") maintains the Nassau County Police Department located at 1490 Franklin Avenue, Mineola, NY 11501.

11.    Eighteen Hundred, Inc. ("Eighteen") is a corporation established under the laws of the state of Delaware, doing business in New York.

12.    Eighteen is the parent company of Psycho Bunny, Inc.

13.     Psycho Bunny Inc. ("Psycho Bunny") is a corporation established under the laws of the country of Canada, maintaining headquarters in Montreal and doing systematic business in New York.

14.     Psycho Bunny operates and manages a commercial premises located at 630 Old Country Road, Garden City, New York 11530.

15.     At all times hereinafter, the individually named Defendant Ariel Tracy ("Tracy") was employed as a stock associate for Psycho Bunny, Inc. during the time period of the incident, and was acting under the supervision of Psycho Bunny.

16.     John Doe Defendants 1-10 are employees and/or agents of Psycho Bunny, whose identities are currently unknown, but whose identities will be ascertained through discovery. Along with Eighteen, Psycho Bunny and Defendant Tracy, John Doe Defendants 1-10 are hereinafter collectively referred to as "Psycho Bunny Defendants."

17.     Defendant Nassau County Police Department ("NCPD") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

18.     At all times hereinafter, the individually named Defendant P.O. Joseph T. Arlotta, Shield No. 3772, was employed as a police officer for NCPD during the time period of the incident, was a duly sworn police officer of NCPD, and was acting under the supervision of NCPD.

19.     John Doe Defendants 11-20 are police officers or other employees of the NCPD whose identities are currently unknown, but whose identities will be ascertained through discovery. Together with Nassau County, NCPD, and P.O. Joseph T. Arlotta, John Doe Defendants 21-30 are hereinafter referred to as NCPD Defendants.

## FACTUAL ALLEGATIONS

20.     On December 10, 2021, Mr. Lee entered Roosevelt Field Mall, located at 630 Old Country Road, Garden City, New York 11530, with several friends to shop.

21.     Mr. Lee initially shopped at the Nordstrom Retail Outlet, where he purchased several articles of clothing, including but not limited to, a Psycho Bunny T-Shirt.

22.     Mr. Lee then visited Bloomingdale's retail store, where he purchased additional articles of clothing.

23.     Following his visit to Bloomingdale's, Mr. Lee proceeded to enter the Psycho Bunny retail outlet, carrying the purchases he had previously made from Nordstrom and Bloomingdale's, with their respective receipts, in a shopping bag.

24.     Upon entering the Psycho Bunny store, Mr. Lee picked up and inspected a black t-shirt, at which point he folded the black t-shirt and placed it back on the display shelf. While doing so, on information and belief, he was watched and subsequently followed throughout the store by Defendant Tracy, an employee of Psycho Bunny.

25.     Upon information and belief, Defendant Tracy provided a supporting deposition to NCPD, indicating that she observed the Plaintiff stealing merchandise via video surveillance footage.

26.     Upon information and belief, theft prevention is among Defendant Tracy's employment duties, as an employee of Psycho Bunny.

27.     Upon information and belief, the video surveillance footage conclusively established that the Plaintiff did not steal any article of clothing from the Psycho Bunny store.

28.     Mr. Lee subsequently exited the Psycho Bunny store and entered the Zara retail store on the same floor.

29.     Upon information and belief, a Psycho Bunny employee spoke with the Roosevelt Field Mall Security and falsely reported the Mr. Lee had stolen merchandise from Psycho Bunny's store.

30.     Upon information and belief, officers of the NCPD (including but not limited to Defendant Arlotta) and Roosevelt Field Mall Security were summoned to the scene and subsequently entered the Mall and spoke to a Psycho Bunny employee.

31.     Officers of the NCPD then entered the Zara retail store and arrested Mr. Lee, placed him in handcuffs, accused him of theft, and pulled him out of the store against his will.

32.     Instead of cross referencing the purchased merchandise from the Nordstrom retail store with the corresponding receipt (which was available to view), the officers unlawfully placed Mr. Lee under arrest.

33.     Mr. Lee was unlawfully arrested and imprisoned from approximately 8:30 p.m. until 12:00 a.m., while being handcuffed for the entire duration.

34.     NCPD Defendants failed to properly assess the facts and circumstances confronting them at the time.

35.     NCPD Defendants failed to review Psycho Bunny's security footage.

36.     NCPD Defendants did not have any probable cause to believe that Mr. Lee had committed a crime.

37.     As a result of his unlawful arrest, Mr. Lee was subsequently taken into custody and fingerprinted at the Nassau County Police station.

38.     As a result of his unlawful arrest, Mr. Lee was charged with petit larceny (PL § 155.25 and was forced to obtain counsel to defend him against these charges.

39.     On February 4, 2022, during an appearance at Nassau District Court Part-4 (before the Honorable Justice Alexander), the Nassau County District Attorney moved to dismiss all charges, and the matter was marked dismissed and sealed.

40.     During the court appearance of February 4, 2022, the Nassau County District Attorney informed the Court that Mr. Lee was innocent and should have never been arrested.

41.     The charges were subsequently dismissed, as they utterly lacked substance and should never had been brought in the first place.

## DAMAGES

42.     Plaintiff incurred mental anguish, emotional distress, and injury, which are objectively reasonable based on the events described above, forcing him to seek psychiatric assistance.

43.     Plaintiff suffered humiliation, embarrassment, and damage to his reputation.

44.     Plaintiff was required to pay legal expenses for his criminal defense, and he otherwise injured.

45.     Plaintiff was required to submit to fingerprinting and the other indignities of the criminal booking process.

46.     Plaintiff suffered a tremendous loss of profits from his business located in Seoul, South Korea due to his arrest and prolonged stay in New York.

## FIRST CAUSE OF ACTION

## STATE LAW NEGLIGENCE AS TO PSYCHO BUNNY DEFENDANTS

47.     Plaintiff repeats and incorporates by reference the allegations contained in all preceding paragraphs.

48.     The Psycho Bunny Defendants owed a duty of care to the Plaintiff, to refrain from making false accusations and causing his unlawful arrest.

49.     The Psycho Bunny Defendants were negligent by falsely claiming that Plaintiff engaged in theft at their retail store.

50.     The Psycho Bunny Defendants were negligent by falsely claiming that Plaintiff should be arrested.

51.     The negligence and negligent acts of the Psycho Bunny Defendants were the proximate cause of the Plaintiff's injuries, as they directly led to his arrest and the financial and other consequences that followed.

52.     But for the wrongful and negligent actions of the Psycho Bunny Defendants, the police would not have been called to the scene, and the arrest of Mr. Lee would never have taken place.

53.     The Psycho Bunny Defendants failed to use reasonable care in observing the video surveillance footage, as the surveillance footage conclusively established that the Plaintiff was not engaged in any theft.

54.     The Psycho Bunny Defendants failed to use reasonable care in operating their business, as Plaintiff was unlawfully accused and arrested, based upon a statement from Defendant Tracy that she observed the Plaintiff engaging in theft, when the surveillance footage conclusively established that no theft took place.

55.     Psycho Bunny is liable for the acts of individually-named Defendant employees under the doctrine of *respondeat superior*, as the employees were acting within the scope of their employment duties.

56.     The aforementioned occurrence and resulting injuries were caused wholly and solely by reason of the negligence, recklessness, and carelessness of the Defendants, their agents, servants, and employees without any negligence on the part of the Plaintiff.

57.     The limitations on liability set forth in CPLR § 1601 do not apply by reason of one or more of the exemptions set forth in CPLR § 1602.

58.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**GROSS NEGLIGENCE AS TO PSYCHO BUNNY**

59.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

60.     Psycho Bunny had a duty to act with reasonable care towards their customer, Mr. Lee, to prevent his unlawful arrest and detention.

61.     Psycho Bunny was grossly negligent in causing Plaintiff to be arrested.

62.     Psycho Bunny was grossly negligent in failing to exercise proper supervision, and in negligently hiring, training, and retaining the individually-named Defendants whom Psycho Bunny knew, or in the exercise of due care, should have known were unfit to be entrusted with their employment duties.

63.     Psycho Bunny was grossly negligent in failing to follow proper procedures for retail outlets.

64.     Psycho Bunny was grossly negligent in failing to follow proper procedures for investigations by retail outlets.

65.     The gross negligence and grossly negligent acts of Psycho Bunny were the proximate cause of Plaintiff's injuries, as but for their grossly negligent acts Plaintiff would not have been arrested.

66.     At the time and place of the occurrence herein described, the individually-named Defendants were acting in the course and scope of their employment by Psycho Bunny.

67.     Psycho Bunny is liable for the acts of individually-named Defendants under the doctrine of *respondeat superior*.

68.     The gross negligence and grossly negligent acts of the Psycho Bunny Defendants caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

69.     By reason of the foregoing, Plaintiff demands compensatory and punitive damages against the Psycho Bunny Defendants.

**THIRD CAUSE OF ACTION**
**STATE LAW TORT FALSE IMPRISONMENT/FALSE ARREST AS TO PSYCHO BUNNY DEFENDANTS**

70.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

71.     Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York State Constitution in that Psycho Bunny Defendants instigated and caused the arrest of Plaintiff by providing false information to police and mall security.

72.     These actions were caused by the Psycho Bunny Defendants without any legal justification.

73.     The Psycho Bunny Defendants did not merely call the police and mall security, but they also failed to disclose exculpatory video readily available and did not prevent police from arresting Plaintiff despite no illegal activity having occurred.

74.     On information and belief, the police officers and mall security acted based upon the statements of Psycho Bunny Defendants, and the false allegation that Plaintiff committed theft.

75.     The NCPD Defendants were acting at the behest of, for the benefit of, and on behalf of the Psycho Bunny Defendants.

76.     The NCPD Defendants were acting as agents of the Psycho Bunny Defendants, who told the NCPD Defendants to arrest Plaintiff, and that he had committed a theft at their retail store.

77.     The Psycho Bunny Defendants, in taking such steps, were acting with undue zeal based upon the misrepresentations and actions of the Psycho Bunny Defendants.

78.     The Psycho Bunny Defendants instigated the NCPD Defendants, to act, directed the NCPD Defendants, and affirmatively induced the NCPD Defendants to act.

79.     The Psycho Bunny Defendants' actions procured the arrest of the Plaintiff.

80.     The statements and actions of the Psycho Bunny Defendants procured the confinement of the Plaintiff.  Plaintiff's confinement was intended, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

81.     The seizure and unlawful detention were caused by Psycho Bunny Defendants advising, encouraging, and importuning NCPD Defendants to act without authority of the law

and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of a crime.

82.     By reason of the unlawful seizure, Plaintiff incurred mental anguish, emotional distress, legal expenses, loss of reputation, humiliation, indignities, embarrassment, degradation, and was otherwise injured.

83.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, and an award of attorneys' fees is appropriate on this claim.

**FOURTH CAUSE OF ACTION**
**STATE LAW INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AS TO PSYCHO BUNNY DEFENDANTS**

84.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

85.     The Psycho Bunny Defendants, by engaging in the conduct described above, intentionally and/or recklessly, and with the intention to cause the Plaintiff severe emotional distress, acted in a shocking and outrageous manner exceeding all bounds of decency.

86.     The Psycho Bunny Defendants' conduct proximately caused the Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

87.     The Psycho Bunny Defendants acted intentionally and/or recklessly, and showed utter disregard for the rights and well-being of the Plaintiff.

88.      The negligence of Psycho Bunny, its agents, servants, and employees, while acting in the course and scope of their employment, proximately caused and permitted the individually-named Defendants to be placed in a position where they intentionally, recklessly,

and/or negligently caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damage.

89.     The Psycho Bunny Defendants' conduct proximately caused the Plaintiff to suffer, and Plaintiff continues to suffer, extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.

90.     At the time and place of the occurrence herein described, the individually-named Psycho Bunny Defendants were acting in the course and scope of their employment by Psycho Bunny.

91.     Psycho Bunny is liable for the acts of the individually-named Defendants under the doctrine of *respondeat superior*.

92.     By reason of the foregoing, Plaintiff is entitled to compensatory and punitive damages against all Psycho Bunny Defendants in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## STATE LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO PSYCHO BUNNY DEFENDANTS

93.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

94.     The Psycho Bunny Defendants, by engaging in the conduct described above, negligently caused Plaintiff to sustain severe emotional distress.

95.     The Psycho Bunny Defendants' conduct proximately caused Plaintiff to suffer and continue to suffer extreme emotion pain, and to otherwise sustain emotional damages.

96.     At the time and place of the occurrences herein described, the individually-named Defendants were acting in the course and scope of their employment by Psycho Bunny.

97.     Psycho Bunny is liable for the acts of the individually-named Defendants under the doctrine of *respondeat superior*.

98.     By reason of the foregoing, Plaintiff demands compensatory and punitive damage against the Psycho Bunny defendants.

### SIXTH CAUSE OF ACTION
### FEDERAL CLAIM OF FALSE ARREST AS TO PSYCHO BUNNY

99.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

100.     The Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, which provides a civil remedy for….

101.     The Plaintiff's false arrest was caused by the Psycho Bunny Defendants without any legal justification.

102.     Psycho Bunny Defendants did not merely call the police and mall security, but they also failed to disclose exculpatory video readily available and did not prevent police from arresting Plaintiff despite their knowledge- actual or imputed- that Mr. Lee had engaged in no illegal activity .

103.     The NCPD Defendants acted based upon the statements of the Psycho Bunny Defendants and the false allegation that Plaintiff had committed a theft.

104.     The NCPD Defendants were acting at the behest of, for the benefit of, and on behalf of the Psycho Bunny Defendants.

105.     The NCPD Defendants were acting as agents of the Psycho Bunny Defendants, who told the NCPD Defendants to arrest Plaintiff, and that he committed a theft, all of which was untrue.

106.     The Psycho Bunny Defendants, in taking such steps, were acting with undue zeal based upon the misrepresentations and wrongful actions of the Psycho Bunny Defendants.

107.   The Psycho Bunny Defendants instigated the NCPD Defendants to act, directed the NCPD Defendants, and affirmatively induced the NCPD Defendants to act.

108.   The Psycho Bunny Defendants' actions procured the arrest of the Plaintiff.

109.   The statements and actions of the Psycho Bunny Defendants procured the confinement of the Plaintiff.  Plaintiff's confinement was intended, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

110.   The seizure and unlawful detention were caused by Psycho Bunny Defendants giving advice, encouraging, and importuning NCPD Defendants to act without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of a crime.

111.   By reason of the unlawful seizure, Plaintiff incurred mental anguish, emotional distress, legal expenses, loss of reputation, humiliation, indignities, embarrassment, degradation, and he was otherwise injured.

112.   By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, and an award of attorneys' fees is appropriate on this claim because….

**SEVENTH CAUSE OF ACTION**
**FALSE IMPRISONMENT/FALSE ARREST AS TO NCPD DEFENDANTS**

113.   Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

114.   The NCPD Defendants violated Plaintiff's right to be free from unreasonable search and seizure pursuant to Article I Section 12 of the New York State Constitution by arresting Plaintiff without probable cause.

115.   Plaintiff's arrest was without a warrant.

116.    Plaintiff was conscious of the confinement, the confinement was intended, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

117.    The said seizure and unlawful detention occurred without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

118.    Plaintiff's arrest was particularly egregious because at all times before, during, and after the arrest, he was in possession of a shopping bag containing a receipt for the items he was alleged to have stolen.

119.    It was incumbent on the officers to take the simple and obvious step of looking at Mr. Lee's receipt before placing him under arrest for stealing the item he had purchased and paid for.

120.    By reason of the unlawful seizure and false arrest, Plaintiff has been damaged as set forth above.

**EIGTH CAUSE OF ACTION**
**FEDERAL FALSE ARREST CLAIM AS TO NCPD DEFENDANTS**

121.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

122.    NCPD violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 by illegally seizing the Plaintiff without justification or cause.

123.    The Plaintiff's false arrest was caused by the NCPD Defendants and Unidentified Defendants without any legal justification.

124.    The NCPD Defendants caused the confinement of Plaintiff, the NCPD Defendants intended to confine Plaintiff, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

125.     In seizing and unlawfully detaining Mr. Lee, the NCPD Defendants acted without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of any crime.

126.     By reason of the unlawful seizure, Plaintiff incurred emotional and pecuniary harm, suffered humiliation, mental anguish, embarrassment, damage to his reputation, and he was otherwise injured.

127.     By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at trial, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988 because….

## NINTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION OF EMPLOYEES BY NCPD

128.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

129.     The County of Nassau has a duty to exercise reasonable care in hiring, training, supervising, and retaining its police department employees.

130.     The County of Nassau breached this duty by failing to exercise reasonable care in hiring the individually-named NCPD Defendants who arrested Plaintiff without probable cause or appropriate investigation.

131.     The County of Nassau breached its duty to exercise reasonable care in training the individually-named NCPD Defendants to ensure that they do no arrest citizens without probable cause to believe that arrest is appropriate and consistent with the law.

132.      The County of Nassau breached its duty to exercise reasonable care in retaining its NCPD employees by retaining the individually-named NCPD Defendants in this action.

133.     The County of Nassau breached its duty to exercise reasonable care in supervising its NCPD employees by failing to properly supervise the individually-named NCPD Defendants in this action.

134.     On information and belief, the County of Nassau promulgated police policies that were unconstitutional inasmuch as they permitted the NCPD Defendants, acting within the scope of their official duties, to violate the Constitution of the United States by arresting Plaintiff without probable cause.

135.     But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of the individually-named NCPD Defendants, the Plaintiff would not have been wrongfully arrested and subjected to the indignities and harms that resulted from it.


**TENTH CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION**
**OF EMPLOYEES BY PSYCHO BUNNY**

136.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

137.      Psycho Bunny has a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees.

138.     Psycho Bunny breached this duty by failing to exercise reasonable care in hiring the individually-named Psycho Bunny Defendants, who caused Plaintiff to be arrested and detained without probable cause or appropriate investigation.

139.     The circumstances giving rise to the instant action demonstrate that Psycho Bunny was grossly negligent in the hiring and retention of the Psycho Bunny Defendants because….

140.    Psycho Bunny breached its duty to exercise reasonable care in training the individually-named Psycho Bunny Defendants to ensure that they do not cause the arrest or prosecution of customers without probable cause to believe that arrest is appropriate and consistent with the law.

141.    Psycho Bunny breached its duty to exercise reasonable care in retaining its employees by retaining the individually-named Psycho Bunny Defendants in this action.

142.    Psycho Bunny breached its duty to exercise reasonable care in supervising its employees by failing to properly supervise the individually-named Psycho Bunny Defendants in this action.

143.    But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of the individually-named Psycho Bunny Defendants, the Plaintiff would not have been wrongfully arrested and subjected to the indignities and harm that resulted from it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1) On the first cause of action, judgment in favor of Plaintiff and against the Psycho Bunny Defendants and:

    a.  An order awarding compensatory damages in an amount to be determined at trial;

    b.  An order awarding punitive damages in an amount to be determined at trial; and

    c.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

2) On the second cause of action, judgment in favor of Plaintiff and against the Psycho Bunny Defendants and:

    a.  An order awarding compensatory damages in an amount to be determined at trial;

      b.  An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper,

          together with attorneys' fees, interest, costs, and disbursements of this action.

3)  On the third cause of action, judgment in favor of Plaintiff and against the Psycho Bunny

    Defendants and:

      a.  An order awarding compensatory damages in an amount to be determined at trial;

      b.  An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper,

          together with attorneys' fees, interest, costs, and disbursements of this action.

4)  On the fourth cause of action, judgment in favor of Plaintiff and against the Psycho

    Bunny Defendants and:

      a.  An order awarding compensatory damages in an amount to be determined at trial;

      b.  An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper,

          together with attorneys' fees, interest, costs, and disbursements of this action.

5)  On the fifth cause of action, judgment in favor of Plaintiff and against the Psycho Bunny

    Defendants and:

      a.  An order awarding compensatory damages in an amount to be determined at trial;

      b.  An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper,

          together with attorneys' fees, interest, costs, and disbursements of this action.

6)  On the sixth cause of action, judgment in favor of Plaintiff and against the Psycho Bunny

    Defendants and:

  a. An order awarding compensatory damages in an amount to be determined at trial;

  b. An order awarding punitive damages in an amount to be determined at trial;

  c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  d. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

7) On the seventh cause of action, judgment in favor of Plaintiff and against the NCPD Defendants and:

  a. An order awarding compensatory damages in an amount to be determined at trial;

  b. An order awarding punitive damages in an amount to be determined at trial; and

  c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

8) On the eighth cause of action, judgment in favor of Plaintiff and against the NCPD Defendants and:

  a. An order awarding compensatory damages in an amount to be determined at trial;

  b. An order awarding punitive damages in an amount to be determined at trial;

  c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  d. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

9) On the ninth cause of action, judgment in favor of Plaintiff and against the NCPD Defendants and:

  a. An order awarding compensatory damages in an amount to be determined at trial;

  b. An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

10) On the tenth cause of action, judgment in favor of Plaintiff and against Psycho Bunny and:

      a.  An order awarding compensatory damages in an amount to be determined at trial;

      b.  An order awarding punitive damages in an amount to be determined at trial; and

      c.  Directing such other and further relief as the Court may deem just and proper together with attorneys' fees, interest, costs, and disbursements of this action.

Dated:    December 6, 2022
           New York, New York

                          Respectfully Submitted,

                          */s Leopold Raic*

                          _____
                          By: Leopold Raic, Esq. (LR 4202)
                          Rha Kim Grossman & McIlwain, LLP
                          *Attorneys for Plaintiff*
                          29 W 36th St, Suite 402
                          New York, NY 10018
                          Tel.: (718) 321-9797