UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SEONG HOON LEE,

                                                        Plaintiff,

-against-

THE COUNTY OF NASSAU, NEW YORK, EIGHTEEN HUNDRED, INC., PSYCHO BUNNY INC., "JOHN DOES" #1-10, individually and in their official capacity of PSYCHO BUNNY, INC., ARIEL TRACY, individually and in her official capacity, NASSAU COUNTY POLICE DEPARTMENT, "JOHN DOES" #11-20, individually and in their official capacity of the NASSAU COUNTY POLICE DEPARTMENT, and P.O. JOSEPH T. ARLOTTA, individually and his official capacity

                                                        Defendants.
-------------------------------------------------------------------- X

22-CV-07386
(JMA)(LGD)

AMENDED ANSWER TO
COMPLAINT WITH
CROSS-CLAIMS

JURY TRIAL DEMANDED

       Defendants The County of Nassau (i/s/h/a "The County of Nassau, New York"), Nassau County Police Department, and P.O. Joseph T. Arlotta, (hereinafter collectively referred to as "County Defendants), by their attorney Thomas A. Adams, Nassau County Attorney, by Brian P. McLaughlin Esq., Deputy County Attorney, as and for their answer to Plaintiff's Complaint, sets forth as the follows:

1.     Deny the allegations asserted in paragraph number 1 of the Complaint.

2.     Deny the allegations asserted in paragraph number 2 of the Complaint.

3.     Defer questions of law to the Court.

4.     Defer questions of law to the Court.

5.     Deny the allegations asserted in paragraph number 5 of the Complaint.

6.     Defer questions of law to the Court.

7.     Deny the allegations asserted in paragraph number 7 of the Complaint.

8. Responsive to the assertion in paragraph number 8, County Defendants also demand a trial by jury.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 9 of the Complaint.

10. Responsive to the assertion in paragraph number 10, County Defendants aver that Defendant Nassau County Police Department is an administrative arm of Defendant County of Nassau, with a headquarters located at 1490 Franklin Avenue, Mineola, NY 11501.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 16 of the Complaint.

17. Responsive to the assertion in paragraph number 17, County Defendants deny same and aver that Defendant Nassau County Police Department is an administrative arm of Defendant County of Nassau.

18. Admit so much of the allegations asserted in paragraph number 18 of the Complaint that state Defendant P.O. Joseph T. Arlotta was employed as a duly sworn police officer, Shield No. 3772 for Defendant Nassau County Police Department on December 10, 2021, and was acting under the supervision of the Nassau County Police Department on that date; otherwise deny all other allegations set forth therein.

19. Deny the allegations asserted in paragraph number 19 of the Complaint in the form alleged.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 24 of the Complaint.

25. Admit so much of the allegations asserted in paragraph number 25 of the Complaint that state Defendant Tracy provided a supporting deposition to Defendant P.O. Joseph T. Arlotta on December 10, 2021, indicating that she observed Plaintiff stealing merchandise via video surveillance footage; otherwise deny all other allegations set forth therein.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 26 of the Complaint.

27. Deny the allegations asserted in paragraph number 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 28 of the Complaint

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph number 29 of the Complaint

30. Admit so much of the allegations asserted in paragraph number 30 of the Complaint that state Defendant P.O. Joseph T. Arlotta was summoned to Roosevelt Field Mall on December 10, 2021, entered the premises, and spoke to an employee of the Psycho Bunny store; otherwise deny all other allegations set forth therein.

31. Deny the allegations asserted in paragraph number 31 of the Complaint.

32. Deny the allegations asserted in paragraph number 32 of the Complaint.

33. Deny the allegations asserted in paragraph number 33 of the Complaint.

34. Deny the allegations asserted in paragraph number 34 of the Complaint.

35. Deny the allegations asserted in paragraph number 35 of the Complaint.

36. Deny the allegations asserted in paragraph number 36 of the Complaint.

37. Deny the allegations asserted in paragraph number 37 of the Complaint.

38. Deny the allegations asserted in paragraph number 38 of the Complaint.

39. Deny the allegations asserted in paragraph number 39 of the Complaint.

40. Deny the allegations asserted in paragraph number 40 of the Complaint.

41. Deny the allegations asserted in paragraph number 41 of the Complaint in the argumentative form alleged.

42. Deny the allegations asserted in paragraph number 42 of the Complaint.

43. Deny the allegations asserted in paragraph number 43 of the Complaint.

44. Deny the allegations asserted in paragraph number 44 of the Complaint.

45. Deny the allegations asserted in paragraph number 45 of the Complaint.

46. Deny the allegations asserted in paragraph number 46 of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

47. Responsive to paragraph number 47 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 46 of the Complaint, as if more fully set forth hereat.

48. Defer questions of law to the Court.

49. Defer questions of law to the Court.

50. Defer questions of law to the Court.

51. Defer questions of law to the Court.

52. Defer questions of law to the Court.

53. Defer questions of law to the Court.

54. Deny the allegations asserted in paragraph number 54 of the Complaint.

55. Defer questions of law to the Court.

56. Defer questions of law to the Court.

57. Defer questions of law to the Court.

58. Defer questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

59. Responsive to paragraph number 59 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 58 of the Complaint, as if more fully set forth hereat.

60. Defer questions of law to the Court.

61. Defer questions of law to the Court.

62. Defer questions of law to the Court.

63. Defer questions of law to the Court.

64. Defer questions of law to the Court.

65. Defer questions of law to the Court.

66. Defer questions of law to the Court.

67. Defer questions of law to the Court.

68. Defer questions of law to the Court.

69. Admit that the Complaint demands compensatory and punitive damages against the Psycho Bunny Defendants.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

70. Responsive to paragraph number 70 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 69 of the Complaint, as if more fully set forth hereat.

71. Defer questions of law to the Court.

72. Defer questions of law to the Court.

73. Defer questions of law to the Court.

74. Defer questions of law to the Court.

75. Defer questions of law to the Court.

76. Defer questions of law to the Court.

77. Defer questions of law to the Court.

78. Defer questions of law to the Court.

79. Defer questions of law to the Court.

80. Defer questions of law to the Court.

81. Deny the allegations asserted in paragraph number 81 of the Complaint.

82. Deny the allegations asserted in paragraph number 82 of the Complaint.

83. Deny the allegations asserted in paragraph number 83 of the Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

84. Responsive to paragraph number 84 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 83 of the Complaint, as if more fully set forth hereat.

85. Defer questions of law to the Court.

86. Defer questions of law to the Court.

87. Defer questions of law to the Court.

88. Defer questions of law to the Court.

89. Defer questions of law to the Court.

90. Defer questions of law to the Court.

91. Defer questions of law to the Court.

92. Defer questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

93. Responsive to paragraph number 93 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 92 of the Complaint, as if more fully set forth hereat.

94. Defer questions of law to the Court.

95. Defer questions of law to the Court.

96. Defer questions of law to the Court.

97. Defer questions of law to the Court.

98. Defer questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

99. Responsive to paragraph number 99 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 98 of the Complaint, as if more fully set forth hereat.

100. Deny the allegations asserted in paragraph number 100 of the Complaint.

101. Deny the allegations asserted in paragraph number 101 of the Complaint.

102. Defer questions of law to the Court.

103. Deny the allegations asserted in paragraph number 103 of the Complaint.

104. Defer questions of law to the Court.

105. Deny the allegations asserted in paragraph number 105 of the Complaint.

106. Defer questions of law to the Court.

107. Defer questions of law to the Court.

108. Defer questions of law to the Court.

109. Defer questions of law to the Court.

110. Deny the allegations asserted in paragraph number 110 of the Complaint.

111. Deny the allegations asserted in paragraph number 111 of the Complaint.

112. Deny the allegations asserted in paragraph number 112 of the Complaint.

**AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION**

113. Responsive to paragraph number 113 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 112 of the Complaint, as if more fully set forth hereat.

114. Deny the allegations asserted in paragraph number 114 of the Complaint.

115. Deny the allegations asserted in paragraph number 115 of the Complaint.

116. Deny the allegations asserted in paragraph number 116 of the Complaint.

117. Deny the allegations asserted in paragraph number 117 of the Complaint.

118. Deny the allegations asserted in paragraph number 118 of the Complaint.

119. Deny the allegations asserted in paragraph number 119 of the Complaint.

120. Deny the allegations asserted in paragraph number 120 of the Complaint.

**AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION**

121. Responsive to paragraph number 121 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 120 of the Complaint, as if more fully set forth hereat.

122. Deny the allegations asserted in paragraph number 122 of the Complaint.

123. Deny the allegations asserted in paragraph number 123 of the Complaint.

124. Deny the allegations asserted in paragraph number 124 of the Complaint.

125. Deny the allegations asserted in paragraph number 125 of the Complaint.

126. Deny the allegations asserted in paragraph number 126 of the Complaint.

127. Deny the allegations asserted in paragraph number 127 of the Complaint.

**AS AND FOR AN ANSWER TO THE NINTH CAUSE OF ACTION**

128. Responsive to paragraph number 128 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 127 of the Complaint, as if more fully set forth hereat.

129. Admit so much of the allegations asserted in paragraph number 129 of the Complaint that state Defendant County of Nassau has a duty to exercise reasonable care in hiring, supervising, and retaining its police department employees.

130. Deny the allegations asserted in paragraph number 130 of the Complaint.

131. Deny the allegations asserted in paragraph number 131 of the Complaint.

132. Deny the allegations asserted in paragraph number 132 of the Complaint.

133. Deny the allegations asserted in paragraph number 133 of the Complaint.

134. Deny the allegations asserted in paragraph number 134 of the Complaint.

135. Deny the allegations asserted in paragraph number 135 of the Complaint.

**AS AND FOR AN ANSWER TO THE TENTH CAUSE OF ACTION**

136. Responsive to paragraph number 136 of the Complaint, County Defendants repeat, reallege, and reiterate the foregoing responses asserted at paragraph numbers 1 through 135 of the Complaint, as if more fully set forth hereat.

137. Defer questions of law to the Court.

138. Deny the allegations asserted in paragraph number 138 of the Complaint.

139. Deny the allegations asserted in paragraph number 139 of the Complaint in the incomplete form alleged.

140. Deny the allegations asserted in paragraph number 140 of the Complaint.

141. Defer questions of law to the Court.

142. Defer questions of law to the Court.

143. Deny the allegations asserted in paragraph number 143 of the Complaint.

## AS AND FOR A CROSS-CLAIM AGAINST EIGHTEEN HUNDRED, INC., PSYCHO BUNNY, INC. AND ARIEL TRACY FOR <u>COMMON-LAW CONTRIBUTION AND INDEMNIFICATION</u>

144. Upon information and belief, that if and in the event that Plaintiff sustained any damages as alleged in the Complaint, all of which are denied by County Defendants, said damages were caused by the negligence, culpable conduct and/or wrongful acts of Defendant(s) Eighteen Hundred, Inc., its agents, servants and/or employees, Psycho Bunny, Inc., its agents, servants and/or employees, and/or Ariel Tracy and not through any acts of negligence, culpable conduct or wrongful conduct on the part of County Defendants, their agents, servants, and/or employees.

145. By reason of the foregoing, County Defendants are entitled to full indemnity and/or contribution from, and to judgment over and against Defendant(s) Eighteen Hundred, Inc., Psycho Bunny, Inc. and/or Ariel Tracy for full indemnification, or for contribution in the amount of the excess paid by County Defendants over and above its/their equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

## AFFIRMATIVE DEFENSES

146. Plaintiff has failed to mitigate damages in this matter.

147. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against Defendants, such recovery should be reduced and diminished in

proportion to the degree of comparative negligence of Plaintiffs in contributing to such damages.

148. If Plaintiff sustained the damages alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless, wrongful and/or unlawful conduct of the Plaintiff without any negligence, recklessness, wrongdoing and/or unlawful conduct on the part of County Defendants contributing thereto.

149. The alleged acts or omissions of County Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff. Any injuries or damages allegedly incurred by Plaintiff were the result of his own actions, the actions of others and/or superseding intervention of causes outside the control of the Defendants.

150. Plaintiff has not complied with Section 50-e, 50-I and/or 50-h of the General Municipal Law of the State of New York.

151. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

152. Plaintiff has failed to extinguish all available state and/or administrative remedies and, therefore, is not entitled to institute the within claim.

153. Pursuant to CPLR 1603, County Defendants assert the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

154. Plaintiff fails to state a cause of action against the County of Nassau upon which relief can be granted.

155. At all times mentioned in the amended complaint, County defendants acted in their respective official capacities, and as a member of the Police Department of Nassau County and they were and still are police officers in said department.

156. At all times herein mentioned and mentioned in the complaint, the police officer named in the Complaint having anything to do with the plaintiff was in the performance of his duties as a police officer, agent, servant and/or employee of the County of Nassau; that all of the acts of such police officer in connection with the plaintiff were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of his duties as a police officer, agent, servant and/or employee of the County of Nassau, and as required of him by reason of the conduct of the plaintiff and the aforementioned arrest and confinement.

157. The actions complained of were in full accord with the applicable law.

158. Plaintiff's constitutional and statutory rights have not been violated by the County defendants.

159. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

160. The use of any physical force employed by County defendants in effectuating the arrest of the Plaintiff was reasonable and justified as defined in the Penal Law, Criminal Procedure Law and the Nassau County Police Department's Rules and Regulations.

161. County defendants had probable cause to arrest defendant.

162. If Plaintiff fails to stipulate to a waiver of confidentiality of the records of the Nassau County Department of Social Services, Office of County Attorney, Nassau County, the Family Court of the State of New York, Nassau County and the New York State Department of Social Services prior to the exchange of discovery, then Plaintiff would be barred from bringing this action.

163. Punitive damages may not be recovered against the County of Nassau as a matter of law.

164. The Nassau County Police Department is not a suable entity

WHEREFORE, County Defendants respectfully demand that plaintiff's amended complaint be dismissed in its entirely with prejudice, and for such other relief that this Court deems just and proper.

DATED: Mineola, New York
January 6, 2023

    Thomas A. Adams
    Nassau County Attorney

    Brian P. McLaughlin, Esq.
    Deputy County Attorney
    *Attorney for County defendants*
    Office of the County Attorney
    One West Street
    Mineola, New York 11501
    bmclaughlin@nassaucountyny.gov
    516-571-6745

TO: Rha Kim Grossman & McIlwain, LLP
ATTN: Leopold Raic, Esq.
*Attorney for plaintiff*
29 W. 36th Street, Suite 402
New York, NY 10018
718-321-9797

Epstein Becker & Green, P.C.
ATTN: Daniel D. Edelman
Attorneys for Eighteen Hundred, Inc., Psycho Bunny, Inc. and Ariel Tracy
875 Third Avenue
New York, NY 10022
(212) 351-4500